UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Olandio Ray Workman, ) | Civil Action No.: 6:17-cv-00767-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Director of the Greenville County ) | |
| Detention Center, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Olandio Ray Workman, a state pretrial detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Petition [ECF No. 1]. The matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald.[1] *See* R & R [ECF No. 12]; Pet.'s Objs. [ECF No. 19]. The Magistrate Judge recommends that the Court summarily dismiss Petitioner's § 2241 petition without prejudice and without requiring Respondent to file a return, and that the Court deny Petitioner's three pending motions. R & R at 6.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina.

matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**

Petitioner, who is a pretrial detainee, filed this action pursuant to 28 U.S.C. § 2241 challenging the ongoing state criminal proceedings against him. The Magistrate Judge recommends summarily dismissing the § 2241 petition under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). R & R at 4–5.

Petitioner has filed objections and a supplemental document to his objections. *See* ECF Nos. 19 [Pet.'s Objs.] & 21 [Supplement]. First, Petitioner cites various legal principles relating to 42 U.S.C. § 1983, which is not applicable to this habeas corpus action. *Compare* Pet.'s Objs. at 1–3, *with Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." (internal quotation marks and citations omitted)). Additionally, Petitioner rehashes and supplements the allegations in his petition. *See* Pet.'s Objs. at 1, 6; Supp. at 1–2. The Court reiterates it need only consider *specific objections* to the Magistrate Judge's proposed

2

findings and recommendations. *See Orpiano*, 687 F.2d at 47. Finally, Petitioner seems to conflate the exhaustion requirements of 28 U.S.C. § 2254 with the exhaustion principle associated with the *Younger* abstention doctrine. *See* Pet.'s Objs. at 5–6. As the Magistrate Judge correctly explains, *Younger* abstention is appropriate in this case because (1) there are ongoing state criminal proceedings (2) that implicate important state interests, and because (3) Petitioner has an adequate opportunity to raise his federal claims in the state proceedings. R & R at 4–5; *see generally Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (setting forth the three *Younger* criteria in the context of a § 2241 petition). Moreover, Petitioner has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson*, 855 F.3d at 286 ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). Accordingly, the Court must dismiss Petitioner's § 2241 petition.

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**Conclusion**

The Court has reviewed the entire record, including the § 2241 petition, the Magistrate Judge's R & R, and Petitioner's objections and supplemental document. The Court has conducted a de novo review of those portions of the R & R to which Petitioner specifically objects. For the reasons stated in this Order and in the R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 12] by reference.

Accordingly, the Court **DISMISSES** Petitioner's § 2241 petition *without prejudice* and without requiring Respondent to file a return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). The Court **DENIES** Petitioner's motion for discovery [ECF No. 3], motion to change venue [ECF No. 5], and motion for evidentiary hearing [ECF No. 6].

**IT IS SO ORDERED.**

Florence, South Carolina  
June 22, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge